IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARLA ANN BROOKS, | ) | |
| | ) | Case No.05-47210 |
| Debtor. | ) | |
| | ) | Adv. No. 05-4213 |
| TIM D. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARLA ANN BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER GRANTING MOTION TO DISMISS</u>

This matter comes before the Court on the motion to dismiss ("Motion") the complaint of plaintiff Tim D. Thompson ("Plaintiff") filed by Marla Ann Brooks ("Debtor"). The Complaint sought to determine dischargeability of a co-debt owed by Plaintiff and Debtor to Commercial Federal Bank. Debtor asserted that the complaint should be dismissed because: it was filed after the deadline to file adversary complaints, Plaintiff failed to properly serve the summons, Plaintiff failed to state a claim and he failed to state fraud with particularity. The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court grants Debtor's motion to dismiss. Because the Court concludes the Complaint fails to state a claim on which relief can be granted, it does not reach the other issues raised in the Motion.

On September 28, 2005, Debtor filed a bankruptcy petition under Chapter 7 of the Bankruptcy

Code.  On December 23, 2005, Plaintiff filed an adversary complaint objecting to dischargeability of debt

("Complaint").  Plaintiff and Debtor were business partners in Resource Technologies, Inc. ("Resource

Technologies").  In the Complaint, Plaintiff contended that Resource Technologies incurred a business debt

with Commercial Federal Bank.  Plaintiff alleged that a debt in the amount of $95,939.67 is owed to

Commercial Federal by Plaintiff and Debtor[1].  Plaintiff argued that the debt should be found non-

dischargeable as to Debtor because if Debtor is granted a discharge he will be solely responsible and liable

for the debt.

Subsequently, Debtor filed an Answer and a Motion to Dismiss the Complaint.  Plaintiff filed a

response and reiterated that he only seeks to have the debt owed to Commercial Federal found non-

dischargeable and for the liability on such debt to be split between himself and Debtor.  Plaintiff further

stated that he did not wish to file a fraud claim.  These allegations fail to place the claim in any of the

categories of non-dischargeable debt enumerated in 11 U.S.C. § 523(a).

Because Plaintiff failed to state any grounds on which the debt can be found to be non-

dischargeable, the Court grants the Motion to Dismiss.  The mere fact that Debtor was liable on a co-debt

with Plaintiff is not sufficient grounds to find the debt non-dischargeable as to Debtor.  Plaintiff did not plead

any other facts that would warrant a finding of non-dischargeability.

For the above reasons, it is hereby

**ORDERED** that the Motion to Dismiss is granted.

---

[1]Debtor also listed on her Schedule F Commercial Federal as an unsecured creditor to which she owes
$95,939.67 as a co-debtor.

2

Dated:   __March 21, 2006_____        _____/s/ Dennis R. Dow_____

THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Cynthia F. Grimes
Tim D. Thompson (pro se)